IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HARRY BEYOGLIDES, et al.,          :

    Plaintiffs,                :
                                       Case No. 3:03cv089

    vs.                        :
                           JUDGE WALTER HERBERT RICE

JUMPKING, INC., et al.,            :

    Defendants.                :

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE BAD CHARACTER EVIDENCE OF MARTHA AND KELLY CHATTERTON (DOC. #39); DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING OTHER SAFETY HAZARDS AND/OR HAZARDOUS PRODUCTS (DOC. #41); DECISION AND ENTRY SUSTAINING IN PART, OVERRULING IN PART AND OVERRULING, AS MOOT, IN PART PLAINTIFFS' MOTION TO HAVE DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSION DEEMED ADMITTED (DOC. #42); DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MATTER (DOC. #43); DECISION AND ENTRY OVERRULING IN PART AND OVERRULING, AS MOOT, IN PART DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT TEST RESULTS (DOC. #45); DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ADMISSION OF ASTM STANDARDS INTO EVIDENCE (DOC. #47)

During the telephone conference call conducted on October 11, 2006, the Court and counsel discussed a number of motions which have been filed in this litigation in the last month. Herein, the Court jounalizes the rulings it made during

that conference call (some of which rulings were preliminarily made during the conference call and later finalized by the Court in its post-hearing ruminations) and rules on all other motions, except Plaintiffs' Motion in Limine to Preclude Evidence of or Expert Testimony Based on Accident Reconstruction Performed by Charles Bain, M.D. (Doc. #40) and Defendants' Motion in Limine to Exclude Improper Opinions of Dennis Brickman, P.E. (Doc. #51). The Court will address those two motions by separate entry.

I.  Plaintiffs' Motion in Limine to Preclude Bad Character Evidence of Martha and Kelley Chatterton (Doc. #39) and Motion in Limine to Preclude Evidence Regarding Other Safety Hazards and/or Hazardous Products (Doc. #41)

These two motions are sustained in part and overruled in part. The Defendant will be permitted to introduce evidence concerning safety hazards in the backyard, with regard to the trampoline, including means by which the decedent could have gained access to it, and lack of parental control, as long as there is an inference of causation between the evidence in question and the accident. The Defendants will not be permitted to introduce evidence of odds and ends around and about the backyard or in the Chatterton's residence for which an inference of such a causal connection does not exist. In short, Defendants are entitled to raise circumstantial inferences of superseding and/or intervening cause.

II. Plaintiffs' Motion to Have Defendants' Responses to Requests for Admission Deemed Admitted (Doc. #42)

With this motion, Plaintiffs ask that the Court order 14 of the requests for admission which they served on Defendant Jumpking, Inc., be deemed admitted. The Court sustains this motion in part, overrules it in part and overrules it, as moot, in part.  The motion is overruled as moot, with respect to Request No. 1, since Jumpking has now admitted that Request.  This motion is overruled with respect to Requests Nos. 7, 36 and 43, since the objections to those Requests are appropriate.  It is sustained with regard to Request No. 26.  Defendant admitted that Request in part and denied it in part.  However, after indicating that this Request was admitted in part and denied in part, Jumpking essentially rewrote it and admitted its rewritten Request, without noting what portion of the original or rewritten Request had been denied.  Moreover, in its response to this Motion, Jumpking raised an objection which is inappropriate.  See Doc. #53 at 2.  The motion is overruled as to Requests Nos. 34, 42, 47, 55, 81 and 90, since Jumpking denied those requests, and those denials appear plausible on their face. Whether the explanations following those denials shall have any impact on any post-trial motion filed by Plaintiffs in accordance with Rule 37(c)(2) will be addressed by the Court, if necessary.  The motion is overruled as it relates to Requests Nos. 40 and 74, since those requests were admitted in part and denied in part, and those denials appear plausible on their face.  The motion is overruled as to Request No. 73, since Jumpking has appropriately stated that it cannot respond to a request which asks it to speak for a separate organization.[1]

---

[1]Plaintiffs point out that Jumpking did not, as required by Rule 36(a), indicate in repose to Request No. 73 that it had conducted a reasonable inquiry and that information known or readily obtainable is insufficient to permit it to admit or to deny the request.  If Plaintiffs had filed their motion earlier, this Court would have ordered Jumpking to serve an amended answer to Request No. 73, to include such

- 3 -

III.  Defendants' Motion in Limine to Preclude Evidence of Subsequent Remedial Matter (Doc. #43)

This motion is overruled, since the Court cannot, at this point, rule that evidence of subsequent remedial measures must be excluded.  That said, such evidence will not necessarily be admissible.  While it is possible that such evidence will be admissible to prove feasibility, that proposition seems doubtful at best, given that counsel for Defendants indicated during the conference call that feasibility would not be contested.  Since Rule 407 permits evidence of subsequent remedial measures to be admitted to prove feasibility only if that issue has been contested, Plaintiffs will be permitted to introduce such evidence only if Defendants contest feasibility.  This type of evidence may also be admissible to impeach Defendants' witnesses.  However, before Plaintiffs can use such evidence to impeach a witness, counsel must approach the bench, at which time a record can be made on the question, including an analysis under Fed. R. Evid. 403.

IV.  Defendants' Motion in Limine to Exclude Irrelevant Test Results (Doc. #45)

This motion is overruled in part and overruled, as moot, in part.  Plaintiffs' counsel indicated during the conference call that they will not attempt to introduce evidence of the fourth test listed on page two of this motion.  Therefore, that aspect of this motion is overruled as moot.  The Court overrules the remainder of the motion, since it was not possible to rule definitively on whether such evidence must be excluded without a more complete record.  That said, however, evidence

---

information.  However, given that we are on the eve of trial, this Court will not require Jumpking to spend valuable trial preparation time preparing such an amended answer.

- 4 -

- 5 -

of the three test results is not necessarily admissible.  Rather, the Court indicated that it would rule on that question after a pre-testimony voir dire of Plaintiffs' witness through whom they will seek to introduce such evidence.  In addition, the Court instructed counsel not to mention the test results during opening statements.

V.  Plaintiffs' Motion in Limine to Preclude Admission of ASTM Standards into Evidence (Doc. #47)

This motion is overruled.  As with the previous motion, it is not possible to rule that the ASTM standards must be excluded without a more complete record.  The Court will not decide whether this evidence is admissible until a voir dire of the Defendants' witness through whom the standards will be introduced.  In addition, counsel may not mention the standards in opening statements.

October 16, 2006

                                           /s/ Walter Herbert Rice
                                           WALTER HERBERT RICE, JUDGE
                                           UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.